IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| GEORGE SOSBEE, #303970, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:10-2336-DCN -JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| MICHAEL MCCALL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, George Sosbee ("Sosbee"), is an inmate with the South Carolina Department of Corrections serving a sentence of life without the possibility of parole ("LWOP") for assault with intent to commit criminal sexual conduct with a minor in the first degree and fifteen years, concurrent, for a lewd act upon a child. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 7, 2010. Respondent filed a return and motion for summary judgment on March 7, 2011. Because Sosbee is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on March 8, 2011 explaining to him his responsibility to respond to the motion for summary judgment. Sosbee filed his response to Respondent's motion on April 28, 2011.

**Background and Procedural History**

Sosbee was convicted by a jury and sentenced in Pickens County. He was represented by John W. Dejong, Esquire. His convictions and sentences were affirmed by the South Carolina Court of Appeals. *See* State v. Sosbee, 371 S.C. 104, 637 S.E. 2d 571 (2006). The Court of Appeals provided the following factual summary:

> In 2003, Sosbee lived with the grandmother of an eight-year-old girl (the victim). In September or October of that year, the victim told her mother and another female adult that a few months prior, Sosbee touched her in her private parts with his hand and tongue and threatened to put her grandparents and aunts in jail if she told anyone. The victim was examined by a physician, but there were no signs of injury. Sosbee was charged with committing a lewd act on a minor and criminal sexual conduct with a minor, first degree. Because Sosbee had a prior conviction for criminal sexual conduct, second degree, the State served notice that it intended to seek a sentence of life without the possibility of parole.
>
> At trial, the victim testified Sosbee touched her on her privates with his hand and tongue. On cross-examination, the victim also stated that all of the touching occurred while she was clothed. At the end of the State's case, Sosbee moved for a directed verdict as to both charges, arguing there was no evidence of penetration and any alleged touching could not meet the statutory definition of sexual battery because the victim was wearing clothing and there was no skin-to-skin contact. The State moved to amend the criminal sexual conduct with a minor indictment to assault with intent to commit criminal sexual conduct with a minor, first degree. Sosbee objected to the proposed amendment, and the parties discussed the matter in chambers. The court granted the amendment, and Sosbee noted his objection for the record. Sosbee was convicted of assault with intent to commit criminal sexual conduct with a minor, first degree, and committing a lewd act upon a minor.
>
> During sentencing, the State informed the court that Sosbee had a 1993 conviction for criminal sexual conduct, second degree, and a "DUI record in 1983, and a criminal domestic violence record in 1995." Sosbee objected, arguing the prior criminal sexual conduct conviction should not be used to enhance his sentence to life imprisonment without the possibility of parole because it was an uncounseled guilty plea. The court sentenced Sosbee to life imprisonment without the possibility of parole.

*Id.,* at 106-108, 572.

Sosbee was represented by the South Carolina Office of Appellate Defense on direct appeal. The following issues were raised:

1. Whether the trial judge erred in sentencing appellant to life in prison without the possibility of parole.

2. Whether the trial judge erred in allowing the state to amend an indictment where it changed the nature of the offense charged.

Sosbee did not seek further review by the South Carolina Supreme Court after his convictions and sentences were affirmed, and the Court of Appeals returned the Remittitur on November 29, 2006.

Sosbee filed an application for post-conviction relief ("PCR") on October 9, 2007. (App. 261). An evidentiary hearing was held on June 16, 2008. (App. 301). Sosbee was represented by Rodney Richey, Esquire. The PCR court issued an order of dismissal filed August 28, 2008. (App. 342). Sosbee filed a petition for writ of certiorari in the South Carolina Supreme Court through the South Carolina Commission of Indigent Defense raising the following issue:

> Trial counsel erred in failing to object to the trial judge's ruling that petitioner was competent to stand trial because the only evidence presented during a pre-trial hearing held in the matter was the testimony of a physician who was not a psychiatrist and had no expertise in the filed of psychiatry.

The petition for writ of certiorari was denied on June 10, 2010. The Remittitur was returned on June 29, 2010.

## Grounds for Relief

In his present petition, Sosbee asserts he is entitled to a writ of habeas corpus on the following grounds:

**GROUND ONE**: Whether trial court erred in sentencing appellant to life in prison without parole.

    **Supporting Facts**: I challenge two most serious offenses - being a LWOP sentence.

**GROUND TWO**: Did trial court err in allowing the State to amend an indictment that changed the nature.

    **Supporting Facts**: They amended the indictment in the middle of trial to a more serious offense.

**GROUND THREE**: Trial counsel failed to object to trial judge's ruling that petitioner was competent to stand trial.

**Supporting Facts**:   The doctor that gave me my evaluation was a physician not a psychiatrist.

## Discussion

Respondent has not raised a statute of limitations defense and concedes that Sosbee has properly exhausted the claims he raises in his present habeas petition.

Since Sosbee filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.

\* \* \*

> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20.  Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

**1. LWOP Sentence**

Sosbee was sentenced under the South Carolina recidivist statute, S.C. Code Ann. § 17-24-45, which subjects a defendant to LWOP for a second conviction of a "most serious" offense.  Sosbee argued on direct appeal that neither his offense of conviction nor his predicate offense qualified as "most serious" offenses under the statute.  During the trial, the State amended the indictment for criminal sexual conduct with a minor in the first degree to change the charge to assault with intent to commit criminal sexual conduct with a minor in the first degree (*see* discussion below). Sosbee was convicted of the charge as amended.  In 1993, Sosbee had been convicted of criminal sexual conduct in the second degree. (App. 257).

a.  Most Serious Offenses

On appeal Sosbee argued that as a matter of state law and statutory interpretation that neither his 1993 conviction for criminal sexual conduct in the second degree, nor his 2006 conviction for assault with intent to commit criminal sexual conduct with a minor in the first degree, are included in the South Carolina recidivist statute.  The South Carolina Court of Appeals ruled that both offenses were included as a matter of state law.

Habeas relief for state prisoners is available only if it is alleged and shown that the prisoner "is in custody in violation of the Constitution or laws...of the United States." 28 U.S.C. § 2254. Perceived errors of state law are not cognizable in federal habeas proceedings. Pulley v. Harris, 465 U.S. 37 (1984). This portion of Sosbee's first ground raises only a question of state law.

### b. Uncounseled Guilty Plea

Alternatively on direct appeal, Sosbee argued that the 1993 predicate offense was uncounseled and, therefore, should not have been used to enhance his 2006 sentence.[1] Citing Nichols v. United States, 511 U.S. 738, 748-749 (1994), the South Carolina Court of Appeals found that "an uncounseled conviction that does not result in actual imprisonment may be used to enhance a subsequent conviction. State v. Sosbee, 371 S.C. at 111.

In Gideon v. Wainwright, 372 U.S. 335 (1963), the Supreme Court held that the Sixth Amendment right to counsel applied to the states. Later in Scott v. Illinois, 440 U.S. 367, 373-374 (1979), the Supreme Court limited the holding of Gideon to "require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." In Nichols the Supreme Court held that uncounseled convictions that did not result in incarceration could be used to enhance later convictions under a state recidivist statute reasoning that "recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction." Nichols, 511 U.S. at 746-747 quoting Baldasar v. Illinois, 446 U.S. 222, 232 (1980).

The undersigned concludes that the decision of the South Carolina Court of Appeals was not contrary to or an unreasonable application of the Supreme Court precedents.

---

[1] Counsel raised this objection at trial. (App. 258).

### 2. Amendment of Indictment

Sosbee was originally indicted by the Grand Jury for criminal sexual conduct with a minor in the first degree. (App. 276). At the conclusion of the State's case, the Solicitor moved to amend the indictment to conform to the evidence presented pursuant to S.C.Code Ann. § 17-19-100 to assault with intent to commit sexual conduct with a minor in the first degree. The motion was granted over counsel's objection. (App. 178-183).

On direct appeal, Sosbee argued as a matter of state law that the trial court erred in granting the State's motion to amend the indictment. The Court of Appeals found that there was no error of South Carolina law because the amendment did not change the nature of the offense charged. State v. Sosbee, 371 S.C. at 112. This claim is not cognizable as presented.

### 3. Ineffective Assistance of Counsel

In his PCR, Sosbee contended that his trial attorney was ineffective for failing to object to the trial court's ruling that he was competent to stand trial because no psychiatrist, but only a medical doctor, testified at his pretrial hearing. The PCR court rejected this claim because Sosbee failed to introduce any evidence at the PCR hearing that he was prejudiced by the alleged failure. (App. 345-346).

Prior to trial, counsel moved for a competency evaluation. (App. 9). The trial judge carefully questioned Sosbee. (App. 12-19). The State then called Mary Corrine Hammond, M.D., as a witness. Dr. Hammond was a contract physician who provided medial care to detainees in Pickens County. She testified that she had various occasions to treat Sosbee and based on their interactions she had no reason to believe that he was not competent to stand trial. (App. 19-34). Based on the record, the trial court denied the motion for a competency hearing. (App. 34).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Sosbee appears to assert that his attorney was ineffective for failing to present the testimony, or require the State to present the testimony, of a psychiatrist at the pretrial hearing. However, at the PCR hearing Sosbee presented no expert testimony that he was not competent to stand trial. The PCR court's finding was not contrary to, or an unreasonable application of, the Strickland test.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
January 6, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).